**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**AIKEN DIVISION**

| | | |
|---|---|---|
| Julia H. Johnson,<br><br>Movant,<br>vs.<br><br>United States of America,<br><br>Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Cr. No. 1:11-2132-MBS<br><br><br>**ORDER AND OPINION** |

Julia H. Johnson ("Movant"), a prisoner proceeding *pro se*, seeks to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On September 21, 2011, a federal grand jury returned a one count indictment against Movant and six co-defendants charging them with conspiracy to possess with intent to distribute 50 grams or more of methamphetamine and 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine. ECF No. 2. On January 10, 2012, the Government filed an Information pursuant to 21 U.S.C. § 851 to establish Movant's 2009 state conviction for attempting to obtain drugs by fraud, in violation of S.C. Code Ann. § 44-53-40, as a felony drug offense. ECF No. 148. Movant did not file a response to the Information. On April 25, 2012, Movant entered a plea of guilty to the indictment pursuant to a written plea agreement. *See* ECF Nos. 182 & 192.

Prior to sentencing, a presentence investigation report ("PSR") was prepared in which Movant's base offense level was calculated at 32. ECF No. 281 at 20. Her total offense level was calculated at 31 after the addition of a two-point increase for possession of a dangerous weapon pursuant to U.S.S.G. § 2D1.1(b)(1) and subtraction of three points for acceptance of responsibility

pursuant to U.S.S.G. § 3E1.1(a)-(b). ECF No. 281 at 20. With a total offense level of 31 and a criminal history category of V, Movant's Sentencing Guidelines range was calculated at 168 to 210 months imprisonment. ECF No. 28-2 at 1. However, Movant was subject to a statutory minimum term of imprisonment of 240 months. ECF No. 281-2 at 1. Movant's attorney submitted ten objections to the PSR on July 15, 2012. *See* ECF No. 281-1.

At the sentencing hearing on November 1, 2012, Movant withdrew eight objections. Subsequently, the court entertained Movant's argument and objection to the information filed pursuant to 28 U.S.C. § 851 regarding Movant's 2009 conviction in South Carolina for attempting to obtain drugs by fraud. Although, Movant did not challenge the validity of her prior conviction in writing prior to sentencing pursuant to 21 U.S.C. § 851(c), Movant attempted to argue against the accuracy of the state conviction at the sentencing hearing. ECF No. 307 at 10-12. Specifically, Movant argued that the Information in the state case listed a different statute than the Indictment in the state case, and that the transcript listed the wrong defense attorney. ECF No. 307 at 11. However, after reviewing the indictment, sentencing document, and transcript in the state case, the court determined that Movant had been convicted in state court for violating S.C. Code Ann. § 44-53-40. The court also determined that the trial court indicated the maximum penalty was two years. ECF No. 307 at 30-31. Movant also argued that her state conviction was a fraud conviction and not a drug conviction that would count as a felony drug offense. ECF No. 307 at 6-8. The court was not convinced, and ultimately overruled Movant's objection to the use of her 2009 conviction as a felony drug conviction for enhanced penalties. As a result, Movant was subject to a twenty year minimum sentence based on her prior felony conviction, instead of a ten year minimum sentence. *See* 21 U.S.C. § 841(b)(1)(A). The court also heard argument and testimony regarding Movant's objection to the gun enhancement. The court overruled Movant's objection to the gun enhancement.

ECF No. 273. The court sentenced Movant to the Bureau of Prisons for 240-months, or twenty years. ECF No. 285.

Movant timely filed the within § 2255 motion on March 22, 2013. ECF No. 299. That same day, this court issued an order directing the Government to file a response to Movant's §2255 motion. ECF No. 300. On June 10, 2013, the Government filed a response in opposition to Movant's §2255 motion. ECF No. 311. The Government also filed a motion for summary judgment. ECF No. 312. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court issued an order on June 10, 2013, advising Movant of the summary judgment procedure and the possible consequences if she failed to respond adequately. ECF No. 313. Movant subsequently filed a number of motions, including two motions to withdraw her motion to vacate; a motion to amend her motion to vacate; and a motion for leave to file objections to the Government's motion for summary judgment. ECF Nos. 315, 327, 328, 329. On October 7, 2013, the court granted her motion to withdraw the motion to vacate and granted the motion to amend the motion to vacate. ECF No. 330. The remaining motions filed by Movant were deemed moot by the court. *Id.*

Subsequently, Movant filed an amended motion to vacate pursuant to 28 U.S.C. § 2255. ECF No. 337. The Government filed a response in opposition on October 16, 2013. ECF No. 342. The court again issued an order pursuant to *Roseboro* explaining the summary judgment procedures to Movant and directing Movant to respond. ECF No. 343. On December 6, 2013, Movant filed a reply to the Government's response. ECF No. 347. On June 12, 2014, Movant filed another pro se motion to vacate pursuant to § 2255. ECF No. 377. On June 27, 2014, the court issued an order construing the June 12, 2014, motion to vacate as a second amendment to the motion to vacate filed on March 22, 2013. ECF No. 379. Movant has also filed two motions to appoint counsel. ECF Nos. 298, 376.

## II.  LEGAL STANDARDS

### A. Summary Judgment

Pursuant to Fed. R. Civ. P. 56(a), the court shall grant summary judgment if the moving party shows that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law.  The evidence presents a genuine issue of material fact if a "reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).  The facts and any inferences drawn from the facts should be viewed in the light most favorable to the non-moving party. *United States v. Diebold, Inc*., 369 U.S. 654, 655 (1962).  The party seeking summary judgment bears the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Once the moving party makes this showing, the opposing party must set forth specific facts showing there is a genuine issue for trial. *Id.*

### B. Motions to Vacate Generally

A federal prisoner in custody may challenge the fact or length of his detention by filing a motion pursuant to 28 U.S.C. § 2255.  To receive relief under § 2255, a movant is required to prove by a preponderance of the evidence that his sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack. 28 U.S.C. § 2255(a).  If this showing is made, the court must "vacate and set the judgment aside" and "discharge the prisoner or resentence him or grant a new trial to correct the sentence as may appear appropriate." *Id.* § 2255(b).  If, on the other hand, "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," the court may summarily deny the motion without holding a hearing. Rules Governing Section 2255 Proceedings

4(b); *see* 28 U.S.C. § 2255(b) (a hearing is not required on a § 2255 motion if the record of the case conclusively shows that the prisoner is entitled to no relief).

Generally, when a movant attacks his sentence based upon errors that could have been but were not pursued on direct appeal, the movant must show cause and actual prejudice resulting from the errors of which he complains or he must demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack. *See United States v. Mikalajunas*, 186 F.3d 490, 492-93 (4th Cir. 1999) (citing *United States v. Frady*, 456 U.S. 152, 167-68 (1982); *United States v. Maybeck*, 23 F.3d 888, 891-92 (4th Cir. 1994)). However, "an ineffective-assistance-of-counsel claim may be brought in a collateral proceeding under § 2255, whether or not the [movant] could have raised the claim on direct appeal." *Massaro v. United States*, 538 U.S. 500, 504 (2003).

## III. DISCUSSION

*1. Motion to Vacate*

Defendant raises the following four grounds for relief in her § 2255 motion:

> **Ground one**: The court erred in applying the 240-month mandatory minimum sentence as a result of enhanced penalties based on Movant's 2009 conviction for obtaining prescription drugs by fraud, which is a misdemeanor and not a felony.
> **Ground two**: Ineffective assistance of counsel for failure to seek a more favorable plea deal for Movant and for failing to aid Movant at sentencing.
> **Ground three**: Ineffective assistance of counsel for failing to file an appeal as requested by Movant.
> **Ground four**: Movant requests a change of venue for ruling on the §2255 motion for fear of retaliation.

To prove ineffective assistance of counsel, a movant must show that trial counsel's performance was deficient. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). To prevail on

a claim of ineffective assistance of counsel, Movant must show both that his attorney's performance fell below an objective standard of reasonableness and that he suffered actual prejudice. *Id.* at 687. This test applies not only to an attorney's performance at trial, but also to a claim that counsel was ineffective during the entry of a guilty plea. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). To demonstrate deficient performance, Movant must show that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed to the defendant by the Sixth Amendment. *Id.* Competency is measured by what an objectively reasonable attorney would have done under the circumstances existing at the time of the representation. *Id.* at 687-88. To demonstrate actual prejudice, Movant must demonstrate a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A "reasonable probability" is "a probability sufficient to undermine confidence in the outcome." *Id.* Even if counsel's performance is outside the wide range of professional assistance, an error by counsel will not warrant setting aside the conviction if the error had no effect on the judgment. *Id.* Movant must show that but for counsel's errors, he would not have accepted the plea and "would have insisted on going to trial." *Hill*, 474 U.S. at 52. "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697.

With respect to consideration of the two-pronged test of deficiency and prejudice outlined in *Strickland*, an evidentiary hearing is required under § 2255 unless it is clear from the pleadings, files, and records that a movant is not entitled to relief. *See United States v. Witherspoon*, 231 F.3d 923, 925-27 (4th Cir. 2000). *See also United States v. Magini*, 973 F.2d 261, 264 (4th Cir. 1992) ("When a colorable Sixth Amendment claim is presented, and where material facts are in dispute involving inconsistencies beyond the record, a hearing is necessary."). However, "no [evidentiary]

hearing is required if the [movant's] allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Jackson v. United States*, 638 F. Supp. 2d 514, 528 (W.D.N.C. 2009) (internal quotations omitted). Whether an evidentiary hearing is necessary, and whether a movant's presence is required, is left to "the common sense and sound discretion" of the district court. *Raines v. United States*, 423 F.2d 526, 530 (4th Cir. 1970).

**A. Ground One–Enhanced Penalties for Prior Felony Conviction Improperly Applied Because Prior State Conviction was a Misdemeanor**

In Movant's first ground for relief, she asserts that her prior state conviction for fraudulently obtaining prescription drugs should not have been counted as a prior felony conviction for the purposes of enhancing her penalties pursuant to 21 U.S.C. § 841(b)(1)(A). Specifically, Movant argues that (1) her prior state conviction was not a felony pursuant to *Carachuri-Rosendo v. Holder*, 130 S. Ct. 2577 (2010), and *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011); and (2) pursuant to *Alleyne v. United States*, 133 S. Ct. 2151 (2013), a jury was required to make a factual determination regarding her prior conviction.

As a threshold matter, this issue involves an alleged error at sentencing, which could have been the subject of a direct appeal. Although Movant failed to seek a direct appeal with respect to this issue, the alleged error is of such magnitude that a miscarriage of justice could result if the court failed to entertain the collateral attack. Moreover, the Government interpreted Movant's claim as an ineffective assistance of counsel claim. In liberally construing Movant's pleadings, as this court is required to do, this court is inclined to address Movant's first ground as a claim for ineffective assistance of counsel for trial counsel's failure to argue that Movant's prior state conviction should not have been used to enhance her sentence because it was a misdemeanor.

First, Movant argues that her prior state conviction was improperly categorized as a felony drug conviction because the state statute itself classifies the crime as a misdemeanor. *See* S.C. Code Ann. § 44-53-40(B). The Government counters that the prior conviction is classified as a felony conviction because it was punishable by more than one year. *See id.* A felony drug offense is defined as "an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State . . . that prohibits or restricts conduct relating to narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances." 21 U.S.C. § 802(44). In *Burgess v. United States*, the Supreme Court held that "[t]he term 'felony drug offense' contained in §841(b)(1)(A)'s provision for a 20-year minimum sentence . . . is defined exclusively by §802(44)." 533 U.S. 124, 126 (2008). "A state drug offense punishable by more than one year therefore qualifies as a 'felony drug offense,' even if state law classifies the offense as a misdemeanor." *Id.* at 126-27. A violation of S.C. Code Ann § 44-53-40 carries a punishment of not more than two years. § 44-53-40(B). As a result, even though the state classifies the crime as a misdemeanor, Movant's prior conviction was properly deemed a felony drug offense for the purposes of enhanced penalties pursuant to 21 U.S.C. § 841(b)(1)(A) because it was punishable by more than one year.

Furthermore, *Carachuri-Rosendo v. Holder* and *United States v. Simmons* have no application here. In *Carachuri-Rosendo*, the court was required to determine whether the petitioner qualified for discretionary cancellation of removal proceedings under the Immigration and Nationality Act. 130 S. Ct. 2577, 2583 (2010). The petitioner was only eligible for such cancellation if he had not been convicted of an aggravated felony, which included drug trafficking crimes punishable by more than one year. *Id.* The petitioner had been convicted twice in the state of Texas for simple drug possession. *Id.* According to the Texas statutory scheme, the petitioner could not

be sentenced to a term that would exceed one year. However, the Government argued that because the petitioner could have been subjected to enhanced penalties for his second drug possession conviction at the federal level and sentenced to more than one year, the state conviction should count as a felony. *Id.* at 2582. The court rejected that argument and held that the petitioner had not been convicted of a felony. *Id.* at 2590. Similarly, in *Simmons*, the Court of Appeals for the Fourth Circuit applied *Carachuri-Rosendo* and determined that a conviction not punishable by more than one year under the North Carolina sentencing guidelines was not a felony for the purposes of enhancement pursuant to 21 U.S.C. § 841(b)(1)(B)(vii). *Simmons*, 649 F.3d at 250.

Unlike the petitioners in *Carachuri-Rosendo* and *Simmons*, Movant was convicted of a crime that was punishable by more than one year pursuant to South Carolina statute. As a result, *Carachuri-Rosendo* and *Simmons* do not prevent Movant's prior state conviction from being classified as a felony for purposes of enhancement pursuant to 21 U.S.C. § 841(b)(1)(A). Thus, Movant was properly subjected to the enhanced minimum sentence of 20 years imprisonment for her 2009 state conviction. Because Movant's 2009 state conviction is classified as a felony drug offense under federal law, Movant cannot demonstrate that her trial counsel was ineffective for failing to argue that her 2009 state conviction was a misdemeanor because she did not suffer prejudice.

Second, relying on *Alleyne v. United States*, 133 S.Ct. 2151 (2013), Movant argues that the fact of her prior conviction should have been presented to a jury. Movant's reliance on *Alleyne* is misplaced. In *Alleyne*, the petitioner was charged with using or carrying a firearm in relation to a crime of violence. The crime carries a five year mandatory minimum sentence, but is subject to enhanced minimum sentences if the firearm is brandished or discharged. *Id.* at 2155-56. In convicting the petitioner, the jury determined that the petitioner had used the firearm during the

crime but did not indicate a finding that it had been brandished or discharged. *Id.* at 2156. The petitioner's presentence report recommended a seven year minimum sentence indicating that the firearm had been brandished. *Id.* Over the petitioner's objection, the sentencing court found by a preponderance of the evidence that the gun had been brandished and imposed the seven year mandatory minimum sentence. *Id.*

The Supreme Court reversed and held that "facts that increase mandatory minimum sentences must be submitted to a jury." *Id.* at 2163. *Alleyne*'s requirement that a jury must determine the facts that increase mandatory minimum sentences is based on the Supreme Court's determination in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), that any "facts that increase the prescribed range of penalties to which a criminal defendant is exposed" are elements of the crime. *Id.* at 490. As a result, the Court determined that such facts must be determined by a jury on the basis of proof beyond a reasonable doubt. *See id.* In both *Alleyne* and *Apprendi*, the statutes prescribed enhanced mandatory minimum sentences based on the way in which the crime was committed, which would require the fact finder to determine beyond a reasonable doubt whether the crime was committed in such a way that might trigger the enhanced penalties.

Here, unlike in *Alleyne*, the statute that prescribed enhanced penalties for Movant does not base enhanced penalties on the way the alleged crime was committed, but on the defendant's prior criminal history. Movant's prior criminal history is not an element of the crime, such that the *Alleyne* court would require the jury to make a factual finding about its validity. Moreover, this court determined at sentencing that Movant was "subject to increased punishment by reason of prior convictions." *See* 21 U.S.C. § 851(d). Movant cannot demonstrate that her sentence was improperly enhanced pursuant to 21 U.S.C. § 841(b)(1)(A) using her 2009 state conviction. The court concludes that Movant's first ground for relief is without merit.

**B. Ground Two–Counsel Ineffective for failing to seek a more favorable plea deal for Movant and for failing to aid Movant at sentencing.**

In her second ground for relief, Movant asserts that counsel was ineffective for failing to seek a more favorable plea deal and for failing to provide assistance at sentencing. Specifically, Movant asserts that 1) she did not enter into the plea voluntarily because trial counsel coerced her to enter into the plea by informing Movant she would receive a life sentence if she did not; 2) counsel failed to seek a more favorable plea deal; and 3) counsel failed to aid Movant at sentencing.

First, although Movant has alleged that the entry of her plea was constitutionally inadequate, the record does not support that assertion. Essentially, Movant claims that she was coerced into pleading guilty. In determining whether Movant was coerced into pleading guilty, the court must consider whether her will was so "overborne" that "[her] capacity for self-determination [was] critically impaired." *Culombe v. Connecticut*, 367 U.S. 568, 602 (1961) (explaining the meaning of voluntariness in the context of coerced statements to law enforcement). At no time during the plea colloquy at issue in this case did Movant ever indicate that she needed more time to review her discovery information or more time to consult with her attorney. ECF No. 378 at 20-21. Movant indicated that she understood the sentencing procedures and the consequences of her guilty plea. Further, Movant denied that she had been threatened or pressured in any way and affirmed that she was pleading guilty of her own free will. ECF No. 378 at 68-70. These sworn statements contradict the allegation of coercion Movant makes in her § 2255 motion. "[A]llegations in a § 2255 motion that directly contradict the [movant's] sworn statements made during a properly conducted Rule 11 colloquy are always 'palpably incredible' and 'patently frivolous or false.'" *United States v. Lemaster*, 403 F.3d 216, 221 (4th Cir. 2005) (citations omitted). Therefore, "in the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is

conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements." *Id.* at 221-22. Based on the record before it, the court cannot conclude that Movant was coerced into pleading guilty.

Second, Movant has not established that her trial counsel failed to negotiate a favorable plea deal on her behalf. As a threshold matter, Movant has not alleged the existence of an alternate, more favorable offer that her trial counsel failed to convey as is required by *Missouri v. Frye*, 132 S. Ct. 1399 (2012). At any rate, the record indicates that Movant's counsel negotiated to have language stricken from the plea agreement that stipulated to the fact of Movant's prior drug conviction. ECF No. 311-2 ¶ 21; *see also* ECF No. 182 ¶ 11. As a result, Movant was able to argue, albeit unsuccessfully, that her prior drug conviction was only a fraud conviction, which would not have subjected her to enhanced penalties. ECF No. 311-2 ¶21; *see also* ECF No. 307 at 6-8.

Moreover, because Movant ultimately entered a guilty plea, any claim regarding counsel's inaction prior to the entry of the plea is moot unless Movant alleges that her entry of the plea was constitutionally inadequate. *See Tollett v. Henderson*, 411 U.S. 258, 267(1973) ("When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in *McMann*."). Because Movant's plea was not constitutionally deficient, Movant's claim regarding counsel's failure to seek another plea prior to the entry of her guilty plea is moot. Movant cannot demonstrate that trial counsel was ineffective for allegedly failing to seek a more favorable plea offer.

Finally, Movant asserts that trial counsel failed to aid her at sentencing, but does not specifically assert how trial counsel failed to do so. The record reflects that Movant's trial counsel filed over ten objections to the PSR and made arguments regarding two of those objections at sentencing. Specifically, Movant's trial counsel submitted argument to the court about the accuracy of documentation regarding Movant's prior conviction that was used to enhance her sentence. Movant's trial counsel also argued that Movant's prior conviction was only a fraud conviction and not a drug conviction that could be used to enhance her sentence. The court ultimately determined that the documentation of Movant's prior conviction was accurate and it was a drug conviction that could be used to enhance her sentence. There is no indication that Movant's trial counsel exhibited deficient performance. Furthermore, Movant cannot demonstrate prejudice. Movant was subject to a statutory mandatory minimum sentence of twenty years imprisonment based on the charge for which she entered a guilty plea. The court ultimately sentenced Movant to the mandatory minimum sentence of twenty years, or 240 months. Movant could not have received a lower sentence regardless of counsel's performance. Therefore, Movant cannot demonstrate that her trial counsel was ineffective at sentencing.

The court concludes that Movant's second claimed ground for relief is without merit.

**C. Ground Three–Ineffective Assistance of Counsel for Failing to File Requested Appeal**

In Movant's third ground for relief, she claims that counsel provided ineffective assistance of counsel when counsel failed to file an appeal on her behalf. In Movant's counsel's affidavit, counsel indicates she specifically advised Movant of her ability to appeal and "had several discussions about the timelines involved and the likelihood of success." ECF No. 311-2 ¶ 37. Movant's trial counsel also asserts that Movant never asked counsel to file a direct appeal. ECF No. 311-2 ¶ 41. Movant contends that trial counsel never again spoke with her after sentencing, and as

a result, Movant was never advised of the disadvantages and advantages of appeal. ECF No. 337 at 3. The government asserts that because Movant "argued for a lesser sentence, and [had] been instructed on her appeal rights, it is most likely that [Movant] and her counsel had this discussion as stated in counsel's affidavit." ECF No. 342.

Trial counsel's failure to file an appeal when requested constitutes ineffective assistance of counsel regardless of the likelihood of success on the merits. *United States v. Peak*, 992 F.2d 39, 41 (4th Cir. 1993). Even if defendant does not clearly instruct counsel to file an appeal, counsel is still required to consult with the defendant about the advantages and disadvantages of taking an appeal. *Roe v. Flores-Ortega*, 528 U.S. 470, 478 (2000). In order to succeed on an ineffective assistance of counsel claim for failing to note an appeal, a movant must show "a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." *Id.* at 484. When there is a factual dispute as to whether an attorney consulted with his client about an appeal, or refused to file notice of an appeal after being asked to do so by the client, the court must hold an evidentiary hearing on the factual claims at issue. *See Becton v. Barnett*, 920 F.2d 1190, 1194-95 (4th Cir. 1990). Accordingly, because the court finds that there is a genuine issue of material fact as to whether Movant requested that her attorney file an appeal, the court will hold an evidentiary hearing in accordance with Rule 8 of the Rules Governing § 2255 Proceedings with respect to ground three.

**D. Ground Four–Change of Venue**

Finally, Movant seeks a change of venue. It is not clear whether Movant claims that her counsel was ineffective for failing to seek a change of venue during the prosecution of this case, or whether Movant seeks a change of venue for the determination of this § 2255 motion. Movant

asserts that she fears that failure to accept the court's sentence might result in her being sentenced to life imprisonment. ECF No. 299 at 8.

As a general rule, Movant's § 2255 must be reviewed by the court which imposed the sentence. *See* 28 U.S.C. § 2255. A change of venue is required when the court is satisfied that "so great a prejudice against the defendant exists in the transferring district that the defendant cannot obtain a fair and impartial trial there." Fed. R. Crim. P. 21(a). There is no indication in the record of prejudice against Movant during the prosecution of this case that would render her counsel's assistance ineffective for failing to seek a change of venue. Furthermore, Movant has not demonstrated any factual basis for her fear that she will be prevented from receiving a fair hearing on this § 2255 motion. At the time of sentencing, the maximum penalty Movant faced was life imprisonment. However, the court imposed the mandatory minimum sentence of twenty years. Subsequently, the court granted the Government's motion to reduce Movant's sentence on December 22, 2014. ECF No. 432. There is no evidence that this court has any prejudice against Movant such that it would impose a harsher sentence on her because she chose to exercise her right to file a § 2255 motion. Therefore, Movant's final ground for relief is without merit.

*2. Motions to Appoint Counsel*

Movant filed two separate motions to appoint counsel pursuant to 18 U.S.C. § 3006. ECF Nos. 298, 376. The court is required to appoint an attorney if the interests of justice require the appointment of counsel for Movant. *See* 18 U.S.C. § 3006A(a)(2)(B), 28 U.S.C. § 2255(g). Because the court has determined that an evidentiary hearing is warranted as to Ground Three, the court is required to appoint counsel for Movant. *See* Rule 8(c), Rules Governing Section 2255 Proceedings for United States District Courts ("If an evidentiary hearing is warranted, the judge must appoint an attorney to represent a moving party who qualifies to have counsel appointed under

18 U.S.C. § 3006A"). Therefore, Movant's motions to appoint counsel, ECF Nos. 298, 376, are granted as to Ground Three only.

## IV. CONCLUSION

For these reasons, the Government's motion for summary judgment is **GRANTED** except as to Movant's third ground for relief, which is, whether Movant's trial counsel was ineffective in failing to file a notice of appeal. Counsel will be appointed for this hearing under 18 U.S.C. § 3006A, as provided by Rule 8, unless Movant elects to obtain her own counsel. Movant must inform the court if she elects to obtain her own counsel within thirty (30) days from the date of this order. If the court does not receive this notice from Movant, the court will appoint counsel under 18 U.S.C. § 3006A. Any appointment of counsel will be limited solely to the evidentiary hearing addressing Movant's third ground for relief. Movant is directed to bring to this hearing any and all supporting documentation she has in her possession regarding this issue. A notice of hearing will be issued from the Office of the Clerk of Court.

## CERTIFICATE OF APPEALABILITY

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *Miller–El v. Cockrell*, 537 U.S. 322, 336–38 (2003); *Rose v. Lee*, 252 F.3d 676, 683–84 (4th Cir. 2001). The court concludes that Movant has not made the requisite showing. Accordingly, the court **DENIES** a certificate of appealability.

**IT IS SO ORDERED.**

/s/ Margaret B. Seymour
Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina
July 23, 2015